ELISHA BEAMAN *vs.* GEORGE ELLIOT, Administrator.

An administrator, appointed under the laws of another state, cannot be recognized in the courts of this state as the legal representative of the deceased.

PETITION under *St.* 1851, *c.* 233, § 66, to quiet title. The petitioner was assignee in insolvency of Joseph and Samuel S. Watson, of Winchendon, in this county, insolvent debtors, and, as such, was in possession of certain real estate in said Winchendon, described in the petition, claiming the same under the assignment, and he averred in his petition that he was informed and believed that one George Elliot, of Mason, in the state of New Hampshire, made some claim therein adverse to the petitioner, and he prayed for an order of notice to said George Elliot, summoning him to appear and show cause why he should not bring an action to try his title to said estate, if he claims therein adverse to the petitioner. The respondent appeared specially, and answered, denying the jurisdiction of this court. It appeared that the respondent, George Elliot, was a resident of New Hampshire, and was there appointed administrator of one George Elliot, formerly of Mason in that state, to whom the insolvents, of whom the petitioner was assignee, had, on the 14th day of February, 1850, mortgaged the real estate described in the petition, to secure the payment of certain notes and liabilities. On the 17th of June, 1850, proceedings in insolvency, under *St.* 1838, *c.* 163, were duly commenced against said mortgagors, and the petitioner being chosen their assignee, claimed that the mortgage was fraudulent and void under the insolvent laws.

*E. Washburn*, for the petitioner.

*B. F. Thomas*, for the respondent.

BY THE COURT. This is a petition filed under the *St.* 1851, *c.* 233, § 66, by the petitioner, describing himself as assignee of the estate, of Joseph and Samuel S. Watson, insolvents, and claiming that he is in possession of land in Winchendon, held by him as such assignee, to which George Elliot, of Mason, in

the state of New Hampshire, has some claim, and requires that he be summoned in, to show cause why he should not bring an action to recover such estate, or be barred by a decree of this court. The deed referred to and produced, shows this claim was one to land, of which the insolvent debtors gave said Elliot a mortgage a few months before the commencement of proceedings in insolvency, the validity of which the petitioner, as assignee, in behalf of the creditors, intends to contest. It appears by the answer that the George Elliot, who actually appears specially to answer and deny the jurisdiction of this court, is the administrator of the mortgagee, and this is not denied on the record. If this be so, without stopping to inquire whether this court has jurisdiction to summon an inhabitant from another state, who never has been an inhabitant of this state, and enter a decree against him, which is a grave question, it is quite clear that an administrator, appointed under the laws of another state, cannot be recognized here as the legal representative of the intestate, even in matters of personalty. *Petition dismissed.*